

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
JAVIER BONILLA,

                Petitioner,                07 CR 0097
                                            16 CV 3269

   v.

                                                  <u>MEMORANDUM</u>
                                                  <u>AND ORDER</u>

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------X
APPEARANCES

FEDERAL DEFENDERS OF NEW YORK, INC.
1 Pierrepont Plaza, 16th Floor
Brooklyn, N.Y. 11201
(212) 417-8739
By: Jan A. Rostal
*Attorney for Javier Bonilla*

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Andrew Wang

JOHNSON, Senior District Judge:

    Petitioner Javier Bonilla ("Bonilla") moves pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) in light of the

Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). For the following reasons, Bonilla's motion is **GRANTED**.

**Background**

On February 27, 2009, Bonilla pled guilty to two counts of a nine-count superseding indictment. Bonilla received a 120-month sentence for attempted murder in-aid-of racketeering and a 60-month sentence for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), to run consecutively. (Dkt. No. 185.)

The "crime of violence" upon which Bonilla's 924(c) conviction is predicated is Count 19 of the superseding indictment, which charged him with conspiracy to commit murder in-aid-of racketeering in violation of 18 U.S.C. § 1959(a)(5). (Dkt. No. 98.) Bonilla argues that conspiracy to commit murder in-aid-of racketeering is no longer a "crime of violence" following *Davis*, and therefore the 924(c) conviction cannot stand.

**Discussion**

Section 924(c)(3) defines a "crime of violence" as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Davis*, the Supreme Court ruled that subsection (B) was unconstitutionally vague. 139 S. Ct. at 2336. As a result, to qualify as a crime of violence under § 924(c), a crime must have "as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A) ("the Elements Clause"). Bonilla argues that § 1959(a)(5) conspiracy does not satisfy the Elements Clause because a conviction under the statute only requires, "that the defendant (1) agreed with others to commit...murder...and (2) entered into that agreement 'for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity,'" or "as consideration for the payment or promise of 'anything of pecuniary value' from a racketeering enterprise." Dkt. No. 312, at 2 (quoting *United States v. Basciano*, 599 F.3d 184, 198-99 & n.12 (2d Cir. 2010) (quoting § 1959(a)).

The Government does not challenge this position, but rather argues that Bonilla expressly waived his right to appeal as a condition of his plea agreement. Bonilla's plea agreement states, in relevant part:

> The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentences in the event that the Court imposes a term of imprisonment of 212 months or below.

3

(Dkt. No. 315-2.) This waiver was triggered when Bonilla was sentenced by this Court to a total of 180 months. (Dkt. No. 315-3.) In exchange for Bonilla's plea, the Government agreed to drop seven pending criminal charges that the Government argues "could have resulted in at least 60 additional years of imprisonment." (Dkt. No. 315.)

### A. Waiver of Appealability

"It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). "[E]xceptions to the presumption of the enforceability of a waiver...occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). The Second Circuit has found a defendant may have a valid claim that a waiver is unenforceable:

> [ (1) ] when the waiver was not made knowingly, voluntarily, and competently, [ (2) ] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [ (3) ] when the government breached the plea agreement, or [ (4) ] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amount[ing] to an abdication of judicial responsibility subject to mandamus.

*Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). Bonilla argues that, "[h]is plea could not have been knowing and voluntary at the time it was

4

taken as the Supreme Court had not yet struck the residual clause of § 924(c) as unconstitutional and void *ab initio*" and that his sentence is based on constitutionally impermissible factors—i.e. a conviction under an unconstitutional statute. (Dkt. No. 318.) The Government responds that waivers are generally enforceable "even though the grounds for the appeal arose after the plea agreement was entered into." *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001).

In *Sanford*, the Second Circuit considered and rejected a similar argument to the one Bonilla is making now. 841 F.3d at 580. In that case, Sanford challenged the constitutionality of his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Sanford argued that his collateral attack waiver was unenforceable because the Supreme Court struck down the residual clause in U.S.S.G. § 4B1.2(a)(2) as unconstitutional. *Sanford* at 579. In rejecting this argument, the *Sanford* court stated that, "a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Id. at 580 (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005).

5

P-049

"However, this case differs from *Morgan, Sanford*, and the recent Second Circuit decisions cited in *Sanford* in a key respect. In each of those cases, the petitioner challenged his sentence. Here, by contrast, [Bonilla] challenges the basis of his *conviction* under 18 U.S.C § 924(c)(1)(A)." *Leyones v. United States*, 2018 WL 1033245 (E.D.N.Y. Feb. 22, 2018) (emphasis in orginial). The Second Circuit has yet to decide whether a waiver of appealability is enforceable in Bonilla's circumstances, however, several recent opinions in other Circuits seem to support his position. *See, In Re: Wissam T. Hammoud*, 19-12458-G (11th Cir. 2019) (allowing a defendant that signed an appeal waiver to challenge his sentence under 28 U.S.C. § 2255 based on the Supreme Court's ruling in *Davis*); *United States v. Cornette*, No. 18-6041 (4th Cir. 2019) (reversing the lower court and allowing defendant to challenge his sentence despite an appeal waiver based on the Supreme Court's ruling in *Johnson*); *United States v. Torres*, 828 F.3d 1113 (9th Cir. 2016) (reversing the lower court and allowing the defendant to challenge his sentence despite an appeal waiver based on the Supreme Court's ruling in *Johnson*). This Court now finds that Bonilla's waiver of appealability is not enforceable in his specific circumstances.

As an initial matter, it seems plain to this Court that "taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that

6

*Davis* has been "made" retroactively applicable to criminal cases that became final before *Davis* was announced." *Hammoud*, No. 19-12458 at 8 (citing *Tyler v. Cain*, 533 U.S. 656). Thus, if Bonilla is correct on the merits, he stands convicted under a statute that is unconstitutionally vague as ruled by the Supreme Court in an opinion with retroactive application. In such circumstances, the procedural arguments offered by the Government cannot justify his incarceration for that Count.

"A violation of a fundamental right warrants voiding an appeal waiver." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2010). Determining whether a violation is serious enough to overcome the presumption of enforceability requires the court to consider "the nature of the right at issue and whether the sentence 'was reached in a manner that the plea agreement did not anticipate.'" *Id.* at 148 (quoting *United States v. Liriano-Blanco*, 510 F.3d 168, 175 (2d Cir. 2007). "[I]t is difficult to imagine a right more fundamental than the due process right implicated when 'a new rule changes the scope of the underlying criminal proscription...[such that] 'a defendant stands convicted of an act that the law does not make criminal.'" *Leyones* at 3 (quoting *Welch v. United States*, 136 S. Ct. 1257, 1266 (2016)). Of course, a defendant can waive constitutional and statutory rights, "[h]owever, there are certain rights a defendant may be deemed incapable of waiving...that

7

[have] an overriding impact on public interests, as such a waiver may irreparably discredit the federal courts." *Riggi*, 649 F.3d at 148 (internal quotations and citations omitted).

Bonilla's due process right to challenge his conviction under a statute that the Supreme Court has retroactively declared unconstitutional is such a right. *See Bousley v. U.S.*, 523 U.S. 614 (1998) ("Petitioner's conviction and punishment on the § 924(c) charge 'are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under [28 U.S.C.] § 2255.'" (quoting *Davis v. United States*, 417 U.S. 333, 346-347 (1974)) (brackets in original); *United States v Addonizio*, 442 U.S. 178 (1979) ("To have refused to vacate his sentence would surely have been a "complete miscarriage of justice," since the conviction and sentence were no longer lawful.") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). To block Bonilla from asserting this claim on purely procedural grounds would "irreparably discredit the federal courts" in the opinion of this Court. While the Government's interest in the finality of criminal cases is not insignificant, "where the conviction...is not authorized by substantive law, then finality interests are at their

8

weakest." *Welch v. U.S.*, 136 S. Ct. 1257 (2016). Accordingly, Bonilla's waiver of appealability is not enforceable in the instant challenge.

### B. Merits of the Petition

The Court now turns to the merits of Bonilla's claim. In determining whether a crime "has as an element the use, attempted use, or threatened use of physical force," this Court must apply the "categorical approach." *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019). In doing so, the Court, "do[es] not consider the particular facts of the underlying crime" but rather asks "whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence." (*Id.*) Because conspiracy under § 1959(a)(5) only requires that an agreement be made to commit murder in furtherance of racketeering, it does not have "as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A). Accordingly, conspiracy to commit murder in-aid-of racketeering in violation of 18 U.S.C. § 1959(a)(5) is not categorically a crime of violence following *Davis* and therefore cannot support a conviction under § 924(c). *See United States v. Barret*, 937 F.3d 126 (2d Cir. 2019) (finding that conspiracy to commit Hobbs Act Robbery was not categorically a crime of violence).

**Conclusion**

For the foregoing reasons, the petition is GRANTED. Bonilla's conviction under 18 U.S.C. § 924(c)(1)(A)(ii) is vacated and his sentence of incarceration is amended to time served. All other aspects of his sentence remain unchanged.

Dated: January 29, 2020
Brooklyn, New York

s/ Sterling Johnson, Jr.
Sterling Johnson, Jr., U.S.D.J.